**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL TORRES, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONS RECOVERY CENTER, INC.<br><br>Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff MIGUEL TORRES (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Joseph H. Mizrahi Law, P.C., against Defendant NATIONS RECOVERY CENTER, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Upon information and belief, Defendant's principal place of business is located in Atlanta, GA.

8.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class

treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO MIGUEL TORRES

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

13. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid balance allegedly owing to Capital One.

14. On or about February 20, 2017, Defendant sent Plaintiff a collection letter.  *See* Exhibit A.

15. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

17. The Letter states in pertinent part: Judgment Date: 08/21/2009," and further states a" Balance" of $15,235.53 without accurately informing Plaintiff that the Balance is increasing.

18. As a result of the following Counts Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §1692g and §1692e *et seq.***
**Failure to Adequately and Honestly Convey the Amount of the Debt**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

26. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading

5

representation or means in connection with the collection of any debt.

28. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

29. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

30. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

31. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

32. The Letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.

33. The Letter merely states a Current Balance with a Judgment Date, without accurately stating that interest is continuing to accrue post-judgment in violation of this Circuit's case law in *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016).

19. §1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees. *Id*.

20. Defendant's collection letters fail to include the safe harbor language set out in *Avila*. *Id*.

21. An unsophisticated consumer would be left uncertain by the said letters as to whether the accounts were accruing interest or not.

22. The Balance in the case at hand was for an amount that included original principal, fees and post-judgment interest.

23. In this case, the Balance was increasing due to post-judgment interest. Nevertheless, the

collection notices did not disclose that the amount of the debt stated in the letter "could," "may," or "will" increase over time.

24. Though the Letter stated a "Balance" Due, it failed to state on which date the Balance was calculated, and did not explain that post-judgment interest would continue to accrue on the debt, and that therefore Plaintiff's total balance might be greater on the date payment is made.

25. A reasonable consumer could read the notices and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

26. However, since post-judgment interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays the Balance stated on the notices will be unaware as to whether or not the debt has been paid in full.

27. The debt collector could still seek the automatically accrued post-judgment interest that accumulated after the notices were sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

28. A letter that states a "Balance" Due without notice that the amount is already increasing due to post-judgment interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

29. The FDCPA requires debt collectors, when notifying consumers of their account balance to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy her debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

30. The amount of the post-judgment interest automatically increases each day that the defaulted debt remains unpaid.

31. Collection notices that state only a Balance Due but fail to disclose that the balance will increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

32. Defendant knew that balance would increase due to post-judgment interest and/or fees.

33. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila* at 76.

34. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

35. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

36. Upon information and belief, the Defendant's collection letters, such as the said February 20, 2017 collection letter, number in at least the hundreds.

37. The Defendant, by failing to state that it would add interest to the amount of the debt or by failing to clearly waive interest, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

38. Defendant's collection letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

39. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

40. Defendant violated the Plaintiff's right not to be the target of misleading debt collection

communications.

41. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose his or her response.

46. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Phone: (917) 299-6612
Fax:    (347) 665-1545
Email: Joseph@Jmizrahilaw.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:    Brooklyn, New York
          November 6, 2017